IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SANDRA HARRISON** *and* **CAROLYN DOW,** | **Civ. No. 1:20-cv-00666** |
| **Plaintiffs,** | |
| **BREW VINO, LLC** *d/b/a* **GRANDVIEW GOLF COURSE et al.,** | |
| **Defendants.** | **Judge Sylvia H. Rambo** |

# **MEMORANDUM**

Defendants' motion to vacate the default judgment against them pursuant to Rule 60(a) and Rule 60(b)(1) of the Federal Rules of Civil Procedure (Doc. 21) will be summarily denied.

Under Rule 60(a), the court may "correct a clerical mistake or a mistake arising from oversight or omission" in a judgment or order. Under Rule 60(b)(1), the court may provide relief from a final default judgment due to "mistake, inadvertence, surprise, or excusable neglect." The determination of whether to set aside a default judgment under Rule 60(b)(1) is not resolved by any "rigid formula" or "per se rule" but instead lies within the sound discretion of the district court. *See Zawadski de Bueno v. Bueno Castro,* 822 F.2d 416, 419 (3d Cir.1987) (citation omitted). In exercising that discretion, however, the court must consider: (1) whether the plaintiff would be prejudiced if the default is set aside; (2) whether the defendant

1

has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct. *See Harad v. Aetna Cas. & Sur. Co.,* 839 F.2d 979, 982 (3d Cir.1988).

Defendants' first argument, that the default judgment was erroneously entered because the complaint seeks injunctive relief and Rule 55(b)(1) only permits the clerk to enter default judgment on claims for a sum certain, has no merit. The clerk of court entered default in this case pursuant to Rule 55(a), which contains no "sum certain" requirement. (Docs. 14-18.) Thereafter, this court itself entered the default judgment against Defendants, and it did so pursuant to Rule 55(b)(2), which also contains no "sum certain" requirement. (*See* Doc. 20.) Defendants' mistaken belief that default judgment was entered by the clerk in error appears to stem from them conflating the entry of default with the entry of a default judgment. "An entry of default is a purely ministerial act carried out by a court clerk on request in cases in which a defendant has 'failed to plead or otherwise defend," *Sourcecorp Inc. v. Croney,* 412 F. App'x 455, 457 n.2 (3d Cir. 2011) (quoting Fed.R.Civ.P. 55(a)), and is not the same as a final default judgment. Rule 55(b)(1) was never employed in this case and its sum certain requirement is irrelevant. As such, the default judgment was not entered in error, and Rule 60(a) does not provide grounds for relief.

Defendants' second argument that the default judgment should be re-opened due to mistake or excusable neglect also fails. "The threshold issue in opening

a default judgment is whether a meritorious defense has been asserted." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). "[A] defendant does not have the right to have a default judgment set aside automatically upon alleging a defense. Rather, we imposed a more stringent standard which requires that a defendant seeking to set aside a default judgment set forth with some specificity the grounds for his defense. The court must then evaluate that defense to determine whether it is meritorious." *Harad,* 839 F.2d at 982. Defendants' motion in this case does not assert a single meritorious defense, even in conclusory terms, let alone "set forth with some specificity" the grounds for any defense. The motion's boilerplate representation that "Defendants believe and, therefore, avers [sic] that they have a good faith and meritorious defense to all of the Respondent's [sic] claims" does not come close to meeting the standard for asserting a meritorious defense. The motion must therefore be denied. *See e.g., United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 196–97 (3d Cir. 1984) ("Because we agree with the Court below that Golden failed to establish a meritorious defense, his motion to set aside the entry of default and the default judgment must be denied. Consequently, we do not decide the issues whether the government would be prejudiced by our granting Golden's motion or whether Golden's culpability led to the default and to the default judgment."); *United States v. $90,745.88 Contained in Account No. 9506826724*, 465 F. App'x 143, 145 (3d Cir. 2012) (similar); *In re Subramanian*,

245 F. App'x 111, 116 (3d Cir. 2007) ("We agree with the District Court that the Bankruptcy Court did not abuse its discretion in denying debtors' motion to vacate the default judgment pursuant to Rule 60(b)(1) because debtors failed to assert a meritorious defense as to all of the allegations in the complaint.").

In addition, Defendants' motion also fails to provide the court with sufficient information to assess their culpability. Defendants do not submit a single affidavit in support of their motion, and their explanation for failing to timely defend consists of no more than two sentences in their moving brief: "Defendants had discussed engaging Farley Holt, Esquire, and had met with Mr. Holt. Defendants aver that upon information and belief that Mr. Holt had negotiated an extension of time with Plaintiffs [sic] attorneys to file a responsive pleading." (Doc. 21, p. 2.) This explanation is insufficient. Defendants provide no facts to support their belief that an attorney who they never engaged negotiated an extension on their behalf. Nor do they respond to the declaration statements by Plaintiffs' counsel that no such extension was ever negotiated. Defendants may very well be blameless for their default, but that assessment must be made by the court and it cannot do so without some type of record before it.

The court will nonetheless deny Defendants' motion conditionally, subject to a motion for reconsideration filed within 30 days. The Third Circuit disfavors default judgments and has a policy of encouraging decisions on the merits. *Harad v. Aetna*

*Cas. & Sur. Co.,* 839 F.2d 979, 982 (3d Cir. 1988); *Nationwide Mut. Ins. v. Starlight Ballroom Dance Club,* 175 F. App'x 519, 521 (3d Cir. 2006). Defendants' arguments that they have a meritorious defense and are not culpable for the default judgment fail here because their motion does not provide the court with sufficient facts to make a considered judgment on whether their representations are accurate. Assuming they are accurate, the court will afford Defendants one final opportunity to substantively demonstrate as much in a manner that complies with the Federal Rules of Civil Procedure and the well-established case law in this Circuit governing motions for relief from default judgment. Several district courts in this Circuit have denied motions to vacate conditionally or without prejudice under similar circumstances, particularly where, as here, granting relief from underlying the default judgment would not prejudice the plaintiffs.[1] *See Choice Hotels Intern., Inc. v. Pennave Assoc., Inc.,* 192 F.R.D. 171, 175–76 (E.D. Pa. 2000); *Found. Structures, Inc. v. Safeco Ins. Co. of Am.*, No. CV-08-4763, 2009 WL 2602431, at *4 (E.D. Pa. Aug. 24, 2009); *Atlas Comm., Ltd. v. Waddill,* 1997 WL 700492, *4 (E.D. Pa. 1997); *Charowsky v. Kurtz,* 1999 WL 1038334, * 3 (E.D. Pa. 1999); *NNZ Industrieles Verpakkingen B.V. v. K.J. Int'l Trading Co.*, No. 87-CV-158, 1989 WL

---

[1] Defendants have adequately shown that Plaintiffs would not suffer prejudice from having to litigate this case on the merits. Defendants' responsive pleadings were due around July 2020, and nothing before the court supports that the passage of time in this case has meaningfully increased the potential for fraud, collusion, or loss of evidence. Plaintiffs' arguments to the contrary and conclusory and unsupported by fact.

5

147542, at *3 (D.N.J. Dec. 4, 1989). An accompanying order shall follow, and any motion for reconsideration by Defendants must strictly comply with its terms.

Dated: February 4, 2021

                                                    *s/Sylvia H. Rambo*
                                                    Sylvia H. Rambo
                                                    United States District Judge