IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SANDRA HARRISON and CAROLYN DOW,** | : Civ. No. 1:20-cv-00666 |
| Plaintiffs, | : |
| v. | : |
| **BREW VINO, LLC et al.,** | : |
| Defendants. | : Judge Sylvia H. Rambo |

# **M E M O R A N D U M**

Before the court is Defendants' motion for reconsideration of the court's February 4, 2021 order denying their motion to vacate default judgment. (Doc. 25.) For the reasons set forth below, the motion will be granted.

## I. **BACKGROUND**

This case involves claims by Plaintiffs Sandra Harrison and Carolyn Dow—both African American females—that they were discriminated against on the basis of gender and race while playing golf at Grandview Golf Course ("Grandview") located in York County, Pennsylvania. Defendant Brew Vino, LLC is a Pennsylvania limited liability company that owns and operates Grandview and Defendants Marc Bower, Steve Chronister, Jordan Chronister, and Brian Polechek (the "Individual Defendants"), were agents of Brew Vino at the time of the incident. (*Id.* ¶¶ 12-16.)

1

The complaint alleges that on April 21, 2018, Plaintiffs used their membership at Grandview together with three other African American females to play a round of golf. (*Id.* ¶ 20.) At some point while the group was golfing, the Individual Defendants told the group to leave the course because they were golfing too slow, threatened to revoke their memberships, and called the police on them. (*Id.* ¶¶ 24, 26, 28.)

Plaintiffs subsequently filed complaints about the incident with the Pennsylvania Human Relations Commission ("PHRC"), which found that probable cause existed to credit Plaintiffs' allegations. (*Id.* ¶ 31.)

On April 21, 2020, Plaintiffs initiated this action by filing a complaint. The complaint asserts claims against Defendants for Violation of Title II (Count I), Discrimination in Violation of Section 1981 (Count II), and Violation of the Pennsylvania Human Relations Act (Count III).

On July 24, 2020, after Defendants failed to timely respond to the complaint, Plaintiffs filed a motion for default. (Docs. 9-13.) The Clerk of Court entered default on the same day. (Doc. 14-18.) On August 19, 2020, Plaintiffs filed a motion for default judgment. (Docs. 19.) On August 28, 2020, the court granted the motion and

entered default judgment against Defendants. (Doc. 20.) On December 21, 2020, Plaintiffs filed a motion for relief from default judgment.[1] (Doc. 21.)

On February 4, 2021, the court conditionally denied the motion. (Docs. 23-24.) The court found that the motion failed to demonstrate that relief from default judgment was appropriate because it did not assert a meritorious defense and did not provide the court with sufficient information to make an informed assessment on whether Defendants were culpable for their default. (Doc. 23.) Nonetheless, mindful of the Third Circuit's policy disfavoring default judgments and finding that Defendants' delay did not and would not hinder Plaintiffs from prosecuting their case on the merits, the court conditionally denied the motion, subject to a motion for reconsideration filed within thirty days. (*Id*.) Defendants' timely filed a motion for reconsideration on March 6, 2021, and Plaintiffs filed a response on March 22, 2021. (Docs. 25-26.) The matter is thus ripe for disposition.

## II.   DISCUSSION

A decision to set aside the entry of default and default judgment is governed by Federal Rules of Civil Procedure 55(c) and 60(b), and is left primarily to the discretion of this court. *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 194 (1984). Rule 55(c) provides: "The court may set aside an entry of default for

---

[1] The record is relatively clear that the motion would have been filed in August 2020 but for a filing error and that Defense counsel was unaware of the error until shortly before the December 2020 motion was filed.

good cause, and it may set aside a default judgment under Rule 60(b)." Rule 60(b) provides, in relevant part: "On motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect...." In deciding whether to exercise its discretion, the court is guided by the factors set out in *$55,518.05 in U.S. Currency,* where the Third Circuit stated that district courts are required to determine: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct. 728 F.2d at 195.

Here, the factor concerned with the defendant's culpability supports granting relief from the default judgment. Defendants submit an affidavit from one of the Individual Defendants swearing that after the complaint was filed, he and the other Individual Defendants spoke with an attorney about the need to respond to the complaint. (Doc. 25, p. 23.) According to the affidavit, the Individual Defendant understood from the discussion that the attorney would negotiate an extension of Defendants' time to respond to the complaint, and the Individual Defendant later believed that the attorney had in fact negotiated such an extension. (*Id*.) This evidence is without contradiction in the record and supports vacating the default judgment.

In addition, Defendants have sufficiently demonstrated that meritorious defenses exist to each of Plaintiffs' claims. With respect to Plaintiffs' core

4

allegations of sex and race discrimination, Defendants submit that the complaint wrongly characterizes their actions as motivated by race and discrimination when in fact they were acting with the legitimate purpose of enforcing the rules of the course. Defendants support their defense by attaching the course's "Local Rules," with the first rule stating that "[p]ace of play is monitored" and that "[c]ontact will be made with your group if you fall behind." The rules go on to urge members to call a specific number "[i]f you see any violations or slow play," and they also set forth the time in which 18-holes must be completed. (Doc. 25, p. 27.) By setting forth evidence of a legitimate, non-discriminatory purpose for their actions, and by arguing that Plaintiffs cannot show evidence of pretext, Defendants have sufficiently showed that they have a meritorious defense to Plaintiffs' claims, and this factor thus supports vacating the default judgment.

Finally, for the same reasons set forth in the court's prior memorandum on Defendants' motion, the court finds that Plaintiffs have not been and will not be prejudiced by having to defend this case on the merits. In addition, alternative sanctions in the form of attorney's fees will be sufficient to compensate Plaintiffs for any prejudice suffered and to deter Defendants' conduct. As such, each of the relevant factors support granting Defendants' motion for reconsideration and vacating the default judgment.

### III.  CONCLUSION

For the reasons outlined above, Defendants' motion for reconsideration of the court's order conditionally denying their motion to vacate the default judgment will be granted and the default judgment be vacated. An appropriate order shall follow.


Dated: May 5, 2021

                                                 */s/ Sylvia H. Rambo*
                                                 SYLVIA H. RAMBO
                                                 United States District Judge