# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDRA HARRISON, | : No.: 1:20-cv-00666-SHR |
| and | : |
| CAROLYN DOW, *Plaintiffs* | : |
| v. | : CIVIL ACTION – LAW |
| BREW VINO LLC d/b/a GRANDVIEW GOLF COURSE, | : |
| and | : |
| STEVEN CHRONISTER, | : |
| and | : |
| MARC BOWER, | : |
| and | : |
| JORDAN LYLE CHRONISTER, | : **ANSWER** |
| and | : |
| BRIAN POLACHEK, *Defendants* | : |

## ANSWER

1. Admitted.

2. Admitted.

## JURISDICTION AND VENUE

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted in part, denied in part. It is admitted that this Court is granted declaratory and injunctive relief by 28 U.S.C. §§2201 and 2202 and Federal Rules of Civil Procedure 57 and 65. It is specifically denied that the facts warrant equitable or legal relief, as described more fully hereinafter. Strict proof thereof is demanded at trial.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES
## UNDER PHRA

7. Admitted.

8. Admitted

9. Admitted in part, denied in part. By way of further answer, Defendants specifically deny that the administrative process was properly conducted. Strict proof thereof is demanded at trial.

## PARTIES

10. Admitted in part, denied in part. By way of further answer, Defendants are without knowledge as to Sandra Harrison's

demographic self-identification. Strict proof thereof is demanded at trial.

11. Admitted in part. By way of further answer, Defendants are without knowledge as to Carolyn Dow's demographic self-identification. Strict proof thereof is demanded at trial.

12. Admitted.

13. Admitted in part, denied in part. It is admitted that Defendant Steve Chronister is an adult individual and a resident of York County Pennsylvania, and a Caucasian male. It is denied that Mr. Chronister is an agent of Brew Vino, LLC. Strict proof thereof is demanded at trial.

14. Admitted.

15. Admitted.

16. Admitted

17. No response necessary.

## FACTS

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Defendants are without knowledge as to what exact time Plaintiffs arrived at the golf course. By information and belief, the weather on the day in question necessitated that some tee times be delayed.

Strict proof thereof is demanded at trial.

23. Admitted in part, denied in part. Defendants are without knowledge of the customs of individual golfers. It is admitted that the golf course advertises its on-site food and drink offerings. By way of further answer, Plaintiffs brought and consumed their own outside beverages, contra to course policy. Strict proof thereof is demanded at trial.

24. Denied. Following an interaction between Plaintiffs and course personnel addressing Plaintiffs' adherence to the course's rules and slow rate of play, a refund of membership dues was offered in the spirit of quality customer service and an expression of good faith, as Plaintiffs appeared unhappy with the course's policies regarding pace of play, and the enforcement of those rules. Strict proof thereof is demanded at trial.

25. Defendants lack knowledge of Caucasian male golfers golfing too slowly at or around the time of the incidents described in Plaintiffs' complaint. By way of further answer, had there been Caucasian male golfers golfing too slowly, such golfers would have been approached in the same manner. Strict proof thereof is demanded at trial.

26. Admitted in part, denied in part. Plaintiffs were encouraged to maintain the appropriate pace of play as described by the courses' "Local Rules," which is printed on the rear of the courses' golf

score card, and distributed to every playing group. Strict proof thereof is demanded at trial.

27. Defendants are without knowledge of Caucasian male golfers who were golfing to slow at or around the time of the incidents described in Plaintiffs' complaint. Strict proof thereof is demanded at trial.

28. Admitted in part, denied in part. It is admitted that contact with local law enforcement officials occurred. By way of further answer, that contact was made in response to Plaintiffs' refusal to abide by the Local Rules, even after being encouraged to do so. Strict proof thereof is demanded at trial.

29. Defendants are without knowledge of Caucasian male golfers who were golfing to slow at or around the time of the incidents described in Plaintiffs' complaint. Strict proof thereof is demanded at trial.

30. Denied. Defendants' actions were in no way discriminatory. Defendants' actions strictly and solely served the purpose of enforcing the Local Rules and maintaining the pace of play, a legitimate non-discriminatory purpose. By way of further response, Defendants are so aggrieved by this accusation that a Dragonetti action is expected. Strict proof thereof is demanded at trial.

31. Admitted in part, denied in part. It is admitted that there was a PHRC investigation and conclusion. It is specifically denied that

the results of the investigation yielded actual probable cause or any finding of discriminatory conduct. Strict proof thereof is demanded at trial.

32. Plaintiffs' Complaint Paragraph 32 is a conclusion of law and no response in necessary.

## COUNT I

## DISCRIMINATION IN VIOLATION OF TITLE II

## PLAINTIFFS V. DEFENDANTS

33. Defendants repeat each and every answer and statement in the above paragraphs of this Answer and New Matter. Strict proof thereof is demanded at trial.

34. Admitted.

35. Plaintiffs' Complaint Paragraph 35 is a conclusion of law and no response in necessary.

36. Denied. On April 21, 2018, as on every day of operation, Defendants sought to enforce the Local Rules and maintain the pace of play for the enjoyment of all course guests, a legitimate non-discriminatory purpose. Strict proof thereof is demanded at trial.

37. Denied. Defendants sought to enforce the Local Rules and maintain the pace of play for the enjoyment of all course guests, a legitimate non-discriminatory purpose. Strict proof thereof is demanded at trial.

38. Denied. Defendants sought to enforce the Local Rules and maintain the pace of play for the enjoyment of all course guests, a legitimate non-discriminatory purpose. Strict proof thereof is demanded at trial.

39. Denied. Because Defendants sought to enforce the Local Rules and maintain the pace of play for the enjoyment of all course guests, a legitimate non-discriminatory purpose, Defendants conduct was not discriminatory, and Plaintiff's did not suffer damages as a result. Strict proof thereof is demanded at trial.

**WHEREFORE,** Defendants request that Plaintiff's complaint be dismissed with prejudice.

## COUNT II

## DISCRIMINATION IN VIOLATION OF SECTION 1981

## PLAINTIFFS V. DEFENDANTS

40. Defendants repeat each and every answer and statement in the above paragraphs of this Answer and New Matter. Strict proof thereof is demanded at trial.

41. No response is necessary.

42. Plaintiffs' Complaint Paragraph 42 is a conclusion of law and no response in necessary.

43. Denied. Defendants in nowise deprived Plaintiffs of any contractual interest, nor did Defendants act with any racial or

misogynist animus. Defendants' sole motive was to enforce the Local Rules and maintain the pace of play for the enjoyment of all course guests, a legitimate non-discriminatory purpose. Strict proof thereof is demanded at trial.

44. Denied. Defendants' intent was to enforce the Local Rules and maintain the pace of play for the enjoyment of all course guests, a legitimate non-discriminatory purpose. Strict proof thereof is demanded at trial.

45. Defendants sought to enforce the Local Rules and maintain the pace of play for the enjoyment of all course guests, a legitimate non-discriminatory purpose. Strict proof thereof is demanded at trial.

46. Denied. Because Defendants sought to enforce the Local Rules and maintain the pace of play for the enjoyment of all course guests, a legitimate non-discriminatory purpose, Defendants conduct was not discriminatory, and Plaintiff's did not suffer damages as a result. Strict proof thereof is demanded at trial.

**WHEREFORE,** Defendants request that Plaintiff's complaint be dismissed with prejudice.

## COUNT III

## DISCRIMINATION IN VIOLATION OF THE PHRA

## PLAINTIFFS V. DEFENDANTS

47. Defendants repeat each and every answer, response and statement in the above paragraphs of this Answer and New Matter. Strict proof thereof is demanded at trial.

48. No response is necessary.

49. Plaintiffs' Complaint Paragraph 49 is a conclusion of law and no response in necessary.

50. Denied. Defendants in nowise deprived Plaintiffs of the full use and enjoyment of a public accommodation, nor did Defendants act with any racial or misogynist animus. Defendants' sole motive was to enforce the Local Rules and maintain the pace of play to ensure the full use and enjoyment of the course for all course guests, a legitimate non-discriminatory purpose. Strict proof thereof is demanded at trial.

51. Denied. Defendants' intent was to enforce the Local Rules and maintain the pace of play for the enjoyment of all course guests, a legitimate non-discriminatory purpose. Strict proof thereof is demanded at trial.

52. Defendants sought to enforce the Local Rules and maintain the pace of play for the enjoyment of all course guests, a legitimate non-discriminatory purpose. Strict proof thereof is demanded at trial.

53. Denied. Because Defendants sought to enforce the Local Rules and maintain the pace of play for the enjoyment of all course guests, a

legitimate non-discriminatory purpose, Defendants conduct was not discriminatory, and Plaintiffs did not suffer damages as a result. Strict proof thereof is demanded at trial.

**WHEREFORE,** Defendants request that Plaintiff's complaint be dismissed with prejudice.

## COUNT IV

## DECLARATORY RELIEF ALLEGATIONS

## PLAINTIFFS V. DEFENDANTS

54. Defendants repeat each and every answer, response and statement in the above paragraphs of this Answer and New Matter. Strict proof thereof is demanded at trial.

55. Plaintiffs' Complaint Paragraph 55 is a conclusion of law and no response in necessary.

56. No response is necessary.

57. No response is necessary.

58. Denied. Because Defendants sought to enforce the Local Rules and maintain the pace of play for the enjoyment of all course guests, a legitimate non-discriminatory purpose, Defendants' conduct was not discriminatory, and did not violate Plaintiffs' rights. Declaratory relief is therefore not appropriate. Strict proof thereof is demanded at trial.

**WHEREFORE,** Defendants request that Plaintiff's complaint be dismissed with prejudice.

## COUNT V

## INJUNCTIVE RELIEF ALLEGATIONS

## PLAINTIFFS V. DEFENDANTS

59. Defendants repeat each and every answer, response and statement in the above paragraphs of this Answer and New Matter. Strict proof thereof is demanded at trial.

60. Plaintiffs' Complaint Paragraph 60 is a conclusion of law and no response in necessary.

61. Denied. Because Defendants sought to enforce the Local Rules and maintain the pace of play for the enjoyment of all course guests, a legitimate non-discriminatory purpose, Defendants' conduct was not discriminatory, and did not violate Plaintiffs' rights. Injunctive relief is therefore not appropriate. Strict proof thereof is demanded at trial.

**WHEREFORE,** Defendants request that Plaintiff's complaint be dismissed with prejudice.

## JURY DEMAND

No Response is necessary.

RESPECTFULLY SUBMITTED,

*/s/ Kathryn Nonas-Hunter*
KATHRYN NONAS-HUNTER, Esquire
PA 308437
119 E. Market St.
York, PA 17401
Phone: 717-843-8968
Email: kathryn@knhlaw.onmicrosoft.com

**Counsel for Defendants**

## CERTIFICATE OF SERVICE

I, Kathryn Nonas-Hunter, Esquire, attorney for the moving Defendants, hereby certify that I have on the 18th day of May 2021, I electronically filed the foregoing Answer with the Clerk of Court using the CM/ECF system and emailed a copy to counsel for Plaintiffs.

_____
KATHRYN NONAS-HUNTER, ESQUIRE

**Counsel for Moving Defendants**

Dated: March 18, 2021