IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SANDRA HARRISON** *and* **CAROLYN DOW,** | : Civ. No. 1:20-CV-00666 |
| **Plaintiffs,** | : |
| **BREW VINO, LLC** *d/b/a* **GRANDVIEW GOLF COURSE et al.,** | : |
| **Defendants.** | : Judge Sylvia H. Rambo |

# MEMORANDUM

This case involves claims by Plaintiffs Sandra Harrison and Carolyn Dow that they were discriminated against on the basis of gender and race while playing golf at Grandview Golf Course located in York County, Pennsylvania. Defendant Brew Vino, LLC is a Pennsylvania limited liability company that owns and operates Grandview and Defendants Marc Bower, Steve Chronister, Jordan Chronister, and Brian Polechek were agents of Brew Vino at the time of the incident.

On April 21, 2020, Plaintiffs initiated this action by filing a complaint alleging discrimination under Title II, 42 U.S.C. § 1981, and the Pennsylvania Human Relations Act. On July 24, 2020, after Defendants failed to timely respond to the complaint, Plaintiffs filed a motion for default. (Docs. 9-13.) The Clerk of Court entered default on the same day. (Doc. 14-18.) On August 19, 2020, Plaintiffs filed a motion for default judgment. (Docs. 19.) On August 28, 2020, the court granted the motion and entered default judgment against Defendants. (Doc. 20.)

On December 21, 2020, Plaintiffs filed a motion for relief from default judgment. (Doc. 21.) On February 4, 2021, the court conditionally denied the motion because it did not assert a meritorious defense and did not provide the court with sufficient information to make an informed assessment on whether Defendants were culpable for their default. (Doc. 23.) Nonetheless, mindful of the Third Circuit's policy disfavoring default judgments and finding that Defendants' delay did not and would not hinder Plaintiffs from prosecuting their case on the merits, the court conditionally denied the motion, subject to a motion for reconsideration filed within thirty days. (*Id.*)

On March 6, 2021, Defendants timely filed a motion for reconsideration and Plaintiffs thereafter responded in opposition. (Docs. 25-26.) On May 5, 2021, the court granted the motion for reconsideration and vacated the default judgment. (Docs. 27-28.) In vacating the default judgment, the court found that alternative sanctions in the form of attorney's fees would be sufficient to deter Defendants' conduct and compensate Plaintiffs for any prejudice they suffered. (Doc. 27, p.5) Plaintiffs' counsel subsequently filed a declaration detailing the fees that were incurred in connection with the default and default judgment. (Doc. 30.)

"The purpose of an alternative sanction in this context is to compensate plaintiff and to deter such conduct in the future." *Davis v. Metro. Life Ins. Co.*, No. 1:13-CV-2741, 2015 WL 574616, at *10 (M.D. Pa. Feb. 11, 2015). To fashion an

2

appropriate sanction, courts may consider, among other things, the seriousness of the conduct, the damage caused by the conduct, and the effect of the conduct on the administration of justice. *Id.*; *Agnew v. E\*Trade Sec. LLC,* 811 F.Supp.2d 1177, 1185 (E.D. Pa. 2011).

Here, the court has already determined that alternative sanctions in the form of attorney's fees would be an effective and appropriate remedy for Defendants' conduct. While Defendants' failure to appear and defend this action may not have resulted from their own bad faith, the record shows that they have taken a casual approach to this litigation since the beginning, including by failing to confirm that an extension of their time to answer was ever negotiated, and by filing a motion for relief that did not comply with the most basic of standards for such motions. Defendants' default and motions for relief substantially delayed this litigation and forced Plaintiffs and the court to expend unnecessary resources. A monetary sanction is therefore appropriate, and Defendants shall compensate Plaintiffs for the reasonable fees and costs expended in obtaining the defaults, moving for default judgment, and responding to Defendants' initial motion to vacate the default judgment and their subsequent motion for reconsideration.

The declaration by Plaintiffs' counsel, Ian Bryson, requests $7,200.00 based on 14.1 hours worked at a rate of $500 per hour. (Doc. 30.) The court finds this hourly rate unreasonable for this district. Mr. Bryson practices in the areas of civil

rights and complex civil litigation, and while he does not specify the length of time in which he has practiced law, public state bar records reflect that he has been admitted to practice in Pennsylvania and New Jersey for approximately five-and-a-half years. According to the Community Legal Services fee schedule, the Philadelphia market rate for attorneys with 2-5 years of experience is $230-$275.[1] After adjusting the high end of that range by 20% to account for the lower market rate in this district, the court arrives at a reasonable market rate of $220 and will adjust Mr. Bryson's rate accordingly. The court has reviewed the hours expended by Mr. Bryson on this case and finds them to be reasonable. Accordingly, Defendants will be ordered to pay Plaintiffs' attorneys fees in the amount of $3,102 based on 14.1 hours of work at a rate of $220 per hour. An appropriate order shall follow.

Dated: September 13, 2021

/s/ Sylvia H. Rambo
Sylvia H. Rambo
United States District Judge

---

[1] The Community Legal Services fee schedule, available at https://clsphila.org/about-community-legal-services/attorney-fees, is based on Philadelphia law firm market survey data and is commonly used in this district as a benchmark for calculating attorney's fees. *See Ricky Lee Bugg, Jr. v. Just Wing It, LLC*, No. 1:18-CV-02399, 2020 WL 4471520, at *3 (M.D. Pa. Aug. 4, 2020) ("Other courts in this district have previously used the CLS rates as a guide to reasonableness, and the court will do so here.") (citing See Angino v. Transunion, LLC, No. 17-0954, 2019 WL 8161110, at *2 (M.D. Pa. Nov. 25, 2019); *Lightstyles, Ltd. v. Marvin Lumber & Cedar Co.*, No. 13-CV-1510, 2015 WL 4078826, at *4 (M.D. Pa. July 6, 2015)).